```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
M.N.H. Exports

                              Plaintiff,    CV-05-3951 (CPS)

   - against -                              MEMORANDUM OPINION
                                            AND ORDER

B.A.T. Wear, Inc. and Asif Rajput,

                              Defendants.
----------------------------------------X
```

SIFTON, Senior Judge.

This is an action arising out of the allegation by plaintiff M.N.H. Exports ("MNH") that defendants B.A.T. Wear, Inc. ("BAT Wear") and Asif Rajput ("Rajput") failed to pay for or accept certain apparel products produced and delivered by plaintiff. Presently before the Court are defendant BAT Wear's motion to dismiss for improper venue or, in the alternative, for transfer to the District of New Jersey and defendant Rajput's motion to dismiss for improper service. For the reasons set forth below, the case is ordered transferred to the United States District Court for the District of New Jersey, and defendant Rajput's motion to dismiss is denied without prejudice.

## BACKGROUND

The following facts are drawn from the complaint and the parties' submissions in connection with the motions. Disputes are noted.

Plaintiff MNH Exports is a Pakistani corporation, and

defendant BAT Wear is a New Jersey corporation. In the complaint, plaintiff alleges that during all relevant times, defendant Rajput acted "individually or on behalf of defendant BAT."

In June 2005, plaintiff MNH filed its complaint against defendants BAT Wear and Rajput in New York State Supreme Court. BAT Wear acknowledged that it received service on August 9, 2005. MNH attempted to serve Rajput by delivering a copy of the summons and complaint on August 2, 2005, to Jerry Ellner, President of Synergy Corp., Rajput's actual place of business located at 715 South Avenue East, Cranford, New Jersey. BAT Wear alleges that Rajput resides in New Jersey; however, Rajput states that he does not reside in the United States, and that his only residence is in Pakistan.

Rajput filed an answer to the complaint on August 30, 2005. Thereafter, defendant BAT Wear moved to dismiss the case for improper venue, arguing that BAT Wear and Rajput both reside in New Jersey, MNH resides in Pakistan, and the events complained of occurred in New Jersey. Accordingly, BAT Wear argues, venue is proper in the District of New Jersey, and the case must either be dismissed or transferred.

Defendant Rajput also filed a motion to dismiss the case as to himself, arguing that he was never properly served with the summons and complaint. In the alternative, he argues that the case should be dismissed because this Court does not, in any

event, have personal or long-arm jurisdiction over him.

Plaintiff opposes both defendants' motions, arguing that Rajput was properly served, and that he resides in New York. For the reasons that follow, the case is ordered transferred to the District of New Jersey, and Rajput's motion to dismiss is denied without prejudice to renewal before the District Court in New Jersey.

**DISCUSSION**

<u>Defendant BAT Wear's Motion to Dismiss</u>

Defendant BAT Wear argues that the complaint must be dismissed because of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).[1] Defendant BAT Wear argues in the alternative that if the complaint is not dismissed, the case should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

When considering a motion to dismiss for improper venue pursuant to Rule 12(b)(3), the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Central National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENDORF"*, 204 F.Supp.2d 675, 677 (S.D.N.Y.2002) (citation omitted). *See also*

---

[1] "A party who removes an action from state to federal court does not, in so doing, waive the defense of improper venue as to the underlying state court action." *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir.1998).

Fed.R.Civ.P. 12(b)(3). In making such a determination, courts may consider materials outside of the pleadings. *See Brennan v. Phyto-Riker Pharmaceuticals, Ltd.*, 2002 WL 1349742, at *1 n. 2 (S.D.N.Y.2002). Plaintiff bears the burden of proving that venue is proper. *See Central National-Gottesman*, 204 F.Supp.2d at 677 (citation omitted). Even if the Court decides that venue is improper, the court still retains discretion to decline to dismiss the case in favor of a transfer to any district where the case could initially have been brought. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993).

Venue is governed by 28 U.S.C. § 1391(a) in cases where the court's subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Pursuant to § 1391(a), diversity actions may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

It is not disputed that plaintiff MNH is a Pakistani corporation, and that defendant BAT Wear is a New Jersey corporation. Defendant BAT Wear argues that defendant Rajput also resides in New Jersey, and, as such, the case must be

brought in New Jersey. However, Rajput states that he resides in Pakistan, and MNH argues that Rajput resides in New York. Because the party moving to transfer venue bears the burden of establishing that there should be a change of forum, 28 U.S.C. § 1404(a); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978), and there are disputed questions of fact with respect to whether Rajput resides in New Jersey, at this stage in the proceedings, transferring the case to New Jersey pursuant to 1391(a)(1) would not be appropriate.

BAT Wear argues that 28 U.S.C. 1391(a)(2) cannot be the basis of venue in New York because "a substantial part of the events or omissions giving rise to the claim" did not occur in New York, nor is "a substantial part of property that is the subject of the action" situated in New York. BAT Wear argues that the present action is about *payment* for goods, not shipping of goods or clearance through any port of entry. Because BAT Wear is a New Jersey company, defendant argues, any alleged nonpayment must have occurred in New Jersey, where all of BAT Wear's business decisions were made. Plaintiff does not dispute these arguments. Finally, there is no dispute that no property at issue is located in New York.

Because a proper basis for venue in New Jersey exists pursuant to 28 U.S.C. § 1391(a)(2), plaintiff cannot rely on 28 U.S.C. § 1391(a)(3), which provides that venue is appropriate

where a defendant is subject to personal jurisdiction only if there is no district in which the action may otherwise be brought.  Accordingly, I find that venue is improper in New York.  However, because, as explained above, this Court retains discretion to transfer the case instead of dismissing it even when venue is improper, and because plaintiff purportedly filed the case in New York under the belief that venue was proper here due to defendant Rajput's residence, in lieu of dismissing the case, I will transfer the case to the United States District Court for the District of New Jersey.

Even if plaintiff could show that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in New York, I would still find it necessary to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Because defendant BAT Wear resides in New Jersey, defendant Rajput is a citizen of Pakistan, and plaintiff MNH is a foreign corporation, it would not be in the interest of justice for this case to remain in New York.

### Defendant Rajput's Motion to Dismiss

Defendant Rajput first argues that the complaint must be

dismissed as to him because he was never served with the summons and complaint in the action.[2] Alternatively, Rajput argues that the complaint must be dismissed as to him because he is not, in any event, subject to the jurisdiction of this Court and there is no long-arm jurisdiction over him. Finally, defendant Rajput argues that if the Court finds that he was properly served and is subject to jurisdiction, the case should be remanded to state court because he never consented to removal. Because I find that the case must be transferred to the United States District Court for the District of New Jersey, I do not address whether personal jurisdiction over Rajput has been established.

A district court may transfer a case to another forum even in the absence of *in personam* jurisdiction over the defendant. *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 992 (E.D.N.Y. 1991) (citing *Goldlawr v. Heiman*, 369 U.S. 463 (1962); *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978); *Volk Corp. v. Art-Pak Clip Art Serv.*, 432 F.Supp. 1179, 1180-1181 (S.D.N.Y. 1977). Accordingly, I do not reach Rajput's motion to dismiss, because these matters should be addressed to the

---

[2] Because Rajput preserved a defense of improper service by stating the defect in his answer, pursuant to CPLR 3211(a)(8), the fact that Rajput has appeared before this Court does not confer personal jurisdiction. N.Y.C.P.L.R. 320(b) provides that an appearance confers jurisdiction unless plaintiff objects to jurisdiction by motion or in the answer, which Rajput has clearly done. *See Lange v. Town of Monroe*, 213 F.Supp.2d 411, 421 (S.D.N.Y. 2002).

District Court of New Jersey.[3]  *See Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*, 1994 WL 74860, *5 (S.D.N.Y. March 7, 1994).

**CONCLUSION**

For the reasons set forth above, BAT Wear's motion to dismiss is denied and the case is ordered transferred to the United States District Court for the District of New Jersey. Rajput's motion to dismiss the complaint as to him is denied without prejudice to its renewal before the District Court in New Jersey.

The clerk is directed to transmit a copy of the within to all parties and to the Magistrate Judge.

```
        SO ORDERED.
Dated : Brooklyn, New York
        July 25, 2006
```

By: /s/ Charles P. Sifton (electronically signed)
    United States District Judge

---

[3] Because service upon Rajput was allegedly effected in New Jersey, resolution of the personal jurisdiction issue is properly before the New Jersey District Court.